

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-25-00205-CR

_____

NATHANIEL ALLEN HUFFMAN, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 108th District Court
Potter County, Texas
Trial Court No. 085497-E-CR, Honorable Timothy G. Pirtle, Presiding

February 4, 2026

MEMORANDUM OPINION

Before PARKER, C.J., and DOSS and YARBROUGH, JJ.

Appellant, Nathaniel Allen Huffman, appeals from a judgment convicting him of aggravated assault with a deadly weapon. After pleading guilty and true to an enhancement, he was sentenced to seventeen years in prison. His court-appointed counsel filed an *Anders* brief concluding there are no arguable grounds for appeal. *See Anders v. California*, 386 U.S. 738, 744, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967). We modify the judgment and affirm as modified.

The facts are straightforward. Appellant was asked to leave a Toot 'n Totum convenience store because of a history of theft from the business. When asked to leave, Appellant threatened the assistant manager with a knife and was arrested. He was charged with aggravated assault with a deadly weapon, pleaded guilty in an open plea, and pleaded true to a felony enhancement out of Arizona. The trial court sentenced him to seventeen years in prison.

Counsel's brief and motion meet *Anders'* requirements by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for appeal. *See In re Schulman*, 252 S.W.3d 403, 406–12 (Tex. Crim. App. 2008) (orig. proceeding). "In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities." *Id.*; *see also Davis v. State*, 683 S.W.3d 828, 829–30 (Tex. App.—Amarillo 2023, no pet.).

Appellant's counsel also represented that he notified Appellant of the brief and motion to withdraw, provided copies of both pleadings, informed Appellant of his rights to file a pro se response and review the record, and provided the appellate record. *See Kelly v. State*, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014). By letter, the Court notified Appellant of his right to file a response. To date, no response has been received.

We conducted our own independent review of the record to determine the presence of arguable issues and found none. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005).

## REFORMATION OF JUDGMENT

This Court has the power to modify the judgment of the court below to make the record speak the truth when we have the necessary information to do so. TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993). Appellate courts have the power to reform whatever the trial court could have corrected by a judgment *nunc pro tunc* where the evidence necessary to correct the judgment appears in the record. *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd).

In the underlying case, the judgment contains two clerical errors; it does not reference the enhancement which Appellant pleaded true, and it states Appellant's right to appeal is waived. *See Ex parte Delaney*, 207 S.W.3d 794, 796–98 (Tex. Crim App. 2006) (holding an open plea does not waive an appeal unless it is in exchange for a recommended sentence). We therefore correct these errors.

## CONCLUSION

As reformed, the trial court's *Judgment Adjudicating Guilt* is affirmed and counsel's motion to withdraw is granted.[1]

Lawrence M. Doss
Justice

Do not publish.

---

[1] Within five days from the date of this Court's opinion, counsel is ordered to send a copy of this opinion and this Court's judgment to Appellant and to advise him of his right to file a petition for discretionary review. *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 411 n.35.